Case title: USA v. Ezeagbor                    Date Filed: 01/09/2019
Other court case number:  1:19−MJ−4 District of Columbia

Assigned to: Judge Andrew W.
Austin

## **Defendant (1)**

**Michael Ezeagbor**    represented by  **Duty Pub. Defender−Austin**
Office of the Federal Public Defender
Austin Division
500 Lavaca St., Suite 960
Austin, TX 78701
(512) 916−5025
Fax: (512) 916−5035
Email: laura_ryan@fd.org
*TERMINATED: 01/10/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community*
*Defender Appointment*

**David M.C. Peterson**
Federal Public Defender's Office
Lavaca Plaza
504 Lavaca St., Ste 960
Austin, TX 78701
(512) 916−5025
Fax: 512/916−5035
Email: david_peterson@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community*
*Defender Appointment*

## **Pending Counts**                    **Disposition**

None

## **Highest Offense Level (Opening)**

None

## **Terminated Counts**                    **Disposition**

None

**Highest Offense Level**
**(Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:2252A.F ACTIVITIES RE MATERIAL CONSTITUTING / CONTAINING CHILD PORNO | |

---

**Plaintiff**

**USA**     represented by  **Matthew B. Devlin**
Assistant United States Attorney
816 Congress Avenue
Suite 1000
Austin, TX 78701
(512) 916−5858
Fax: (512) 370−1292
Email: matt.devlin@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/09/2019 | 1 | 4 | Arrest (Rule 5 − District of Columbia) of Michael Ezeagbor (jf) (Entered: 01/09/2019) |
| 01/09/2019 | 2 | 14 | MOTION to Detain Defendant without Bond by USA as to Michael Ezeagbor. (Devlin, Matthew) (Entered: 01/09/2019) |
| 01/09/2019 | 3 | 16 | Minute Entry for proceedings held before Judge Andrew W. Austin:Initial Appearance as to Michael Ezeagbor held on 1/9/2019 (Minute entry documents are not available electronically.) (Court Reporter FTR Gold − ERO.) (jf) (Entered: 01/09/2019) |
| 01/09/2019 | 4 | 18 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Michael Ezeagbor Duty Pub. Defender−Austin for Michael Ezeagbor appointed. Signed by Judge Andrew W. Austin. (jf) (Entered: 01/09/2019) |
| 01/09/2019 | 5 | 19 | ORDER as to Michael Ezeagbor re 4 Order Appointing Public Defender. Signed by Judge Andrew W. Austin. (jf) (Entered: 01/09/2019) |
| 01/09/2019 | 6 | 20 | CJA 23 Financial Affidavit by Michael Ezeagbor (SEALED pursuant to E−Government Act of 2002). (jf) (Entered: 01/09/2019) |
| 01/09/2019 | 7 | 21 | ORDER OF TEMPORARY DETENTION as to Michael Ezeagbor: Detention Hearing set for 1/14/2019 at 10:30 AM before Judge Andrew W. Austin. Signed by Judge Andrew W. Austin. (jf) (Entered: 01/09/2019) |
| 01/09/2019 | 8 | 23 | NOTICE OF HEARING as to Michael Ezeagbor: Identity Hearing set for 1/14/2019 at 10:30 AM before Judge Andrew W. Austin (jf) (Entered: |

| | | | |
|---|---|---|---|
| | | | 01/09/2019) |
| 01/10/2019 | 9 | 25 | NOTICE OF ATTORNEY APPEARANCE: David M.C. Peterson appearing for Michael Ezeagbor . Attorney David M.C. Peterson added to party Michael Ezeagbor(pty:dft) (Peterson, David) (Entered: 01/10/2019) |
| 01/10/2019 | | | Attorney Duty Pub. Defender−Austin terminated as to Michael Ezeagbor. (jf) (Entered: 01/10/2019) |
| 01/14/2019 | 10 | 26 | Minute Entry for proceedings held before Judge Andrew W. Austin:Identity / Detention Hearing as to Michael Ezeagbor held on 1/14/2019 (Minute entry documents are not available electronically.) (Court Reporter FTR Gold − ERO.) (jf) (Entered: 01/14/2019) |
| 01/14/2019 | 11 | 27 | WAIVER − Rule 5 as to Michael Ezeagbor. (jf) (Entered: 01/14/2019) |
| 01/15/2019 | 12 | 28 | ORDER Setting Conditions of Release as to Michael Ezeagbor (1). Signed by Judge Andrew W. Austin. (jf) (Entered: 01/15/2019) |
| 01/15/2019 | 13 | 32 | ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL as to Michael Ezeagbor. Signed by Judge Andrew W. Austin. (jf) (Entered: 01/15/2019) |

SEALED

FILED

1/9/2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____
DEPUTY

# UNITED STATES DISTRICT COURT

for the

District of Columbia

1:19-MJ-10-AWA

United States of America

v.

Michael Ezeagbor

*Defendant(s)*

)
)
)
)
)
)
)

Case: 1:19-mj-00004
Assigned To : Magistrate Judge Deborah A. Robinson
Assign. Date : 01/07/2019
Description: Criminal Complaint/Arrest Warrant

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____11/25/2015-1/25/2016_____ in the county of _____ in the
_____ District of _____Columbia_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252(a)(2) and (b)(1) | did knowingly conspire with Jong Woo Son to knowingly distribute any visual depiction using any means and facility of interstate and foreign commerce, including by computer, where the visual depiction involved the use of a minor engaging in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), and such visual depiction is of such conduct. |

This criminal complaint is based on these facts:

SEE ATTACHED STATEMENT OF FACTS

☑ Continued on the attached sheet.

_Signed telephonically_

*Complainant's signature*

SA Darrell Franklin, HSI

*Printed name and title*

Sworn to before me and signed telephonically.

Date: _____01/07/2019_____

*Judge's signature*

City and state: _____Washington, D.C._____

Deborah A. Robinson, United States Magistrate Judge

*Printed name and title*

4

SEALED

## AFFIDAVIT IN SUPPORT OF A
## CRIMINAL COMPLAINT AND ARREST WARRANT

I, Darrell Franklin, a Special Agent (SA) with U.S. Immigration and Customs Enforcement (ICE) – Homeland Security Investigations (HSI), being duly sworn, depose and state as follows:

I am a Special Agent of HSI and have been so employed since February 2007. I have successfully completed the eleven-week Criminal Investigator Training Program at the Federal Law Enforcement Training Center; and the eleven-week Special Agent Basic Training course offered by ICE. As part of my duties, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to persons traveling in interstate and foreign commerce to sexually exploit children, coercion and enticement, and the illegal production, distribution, receipt and possession of child pornography, in violation of Title 18, United States Code, Sections 2423, 2422, 2251, 2252, and 2252A. I have personally conducted and participated in numerous child exploitation and child pornography investigations, search warrants, interviews and computer forensic examinations. I have received training and instruction in the field of investigation of child pornography and have had the opportunity to participate in investigations relating to the sexual exploitation of children. I have successfully completed several basic and advanced child exploitation and child pornography investigation courses, including online undercover techniques, child sex tourism, undercover chat, peer to peer investigations, and data recovery and acquisition. Based on my training and experience, I have provided training and instruction to other law enforcement officers on how to conduct child exploitation and child pornography investigations. As part of my training and experience, I have reviewed images containing child pornography in a variety of formats (such as digital still images and video images) and media (such as storage devices, the Internet, and printed images).

This case involves an international investigation of a Tor network-based child pornography website called "The Website."[1] The Website server was physically located in South Korea.

This affidavit is submitted in support of a complaint charging Michael Ezeagbor (hereinafter "Ezeagbor") with Conspiracy to Distribute Child Pornography, in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1). This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The statements in this affidavit are based on my investigation of this

---

[1] The actual name of "The Website" is known to law enforcement. The disclosure of the name of The Website would potentially alert its users to the fact that law enforcement action is being taken against users of The Website, thereby provoking users to notify other users of law enforcement action, flee, and/or destroy evidence. Accordingly, to protect the confidentiality and integrity of the ongoing investigation involved in this matter, specific names and other identifying factors have been replaced with generic terms and the website will be identified herein as "The Website."

1

Case: 1:19-mj-00004
Assigned To : Magistrate Judge Deborah A. Robinson
Assign. Date : 01/07/2019
Description: Criminal Complaint/Arrest Warrant

matter as well as information conveyed to me by other law enforcement officers, including agents with the Internal Revenue Service – Criminal Investigation (IRS-CI), Cyber Crimes Unit.

## **DEFINITION OF TERMS**

The Tor Network

Tor is a computer network which anonymizes Internet activity by routing a user's communications through a global network of relay computers (or proxies), thus effectively masking the internet-protocol ("IP") address of the user. An "IP address" is a unique numeric address (used by computers on the internet) that is assigned to properly direct internet traffic. A publically visible IP address can allow for the identification of the user and his/her location. To access the Tor network, a user has to install freely available Tor software, which relays only the IP address of the last relay computer (the "exit node"), as opposed to the user's actual IP address. There is no practical method to trace a user's actual IP address back through those Tor relay computers.

The Tor network makes it possible for a user to operate a special type of website, called "hidden services," which uses a web address that is comprised of a series of 16 algorithm-generated characters (such as "asdlk8fs9dflku7f") followed by the suffix ".onion." Websites, including hidden services, have system administrator(s) (also called the "admin(s)") who are responsible for overseeing and operating these websites.

Bitcoin

Bitcoin ("BTC") is one type of virtual currency that is circulated over the Internet. BTC is not issued by any government, bank, or company but rather is controlled through computer software. Generally, BTC is sent and received using a BTC "address," which is like a bank account number and is represented by a case-sensitive string of numbers and letters. Each BTC address is controlled through the use of a unique private key, a cryptographic equivalent of a password. Users can operate multiple BTC addresses at any given time, with the possibility of using a unique BTC address for every transaction.

BTC fluctuates in value. Around March 5, 2018, one BTC was worth approximately $11,573.00. A typical user purchases BTC from a BTC virtual-currency exchange, which is a business that allows customers to trade virtual currencies for conventional money (*e.g.*, U.S. dollars, euros, etc.). Little to no personally identifiable information about the sender or recipient is transmitted in a BTC transaction itself. However, virtual currency exchanges are required by U.S. law to collect identifying information of their customers and verify their clients' identities.

To send BTC to another address, the sender transmits a transaction announcement, cryptographically signed with the sender's private key, across the BTC network. Once the sender's

transaction announcement is verified, the transaction is added to the blockchain. The blockchain is a decentralized, public ledger that logs every BTC transaction. In some instances, blockchain analysis can reveal whether multiple BTC addresses are controlled by the same individual or entity. For example, analyzing the data underlying BTC transactions allowed for the creation of large databases that grouped BTC transactions into "clusters." This analysis allowed for the identification of BTC addresses that were involved in transacting with the same addresses.

## THE WEBSITE

"The Website" was a website dedicated to the advertisement and distribution of child pornography that operated as a hidden service on the Tor network until March of 2018 when it was seized by law enforcement. On or about September 28, 2017, February 8, 2018, and February 22, 2018, from a location in Washington, D.C. law enforcement agents accessed The Website and documented its content, which is described herein. The Website was used to host and distribute video files depicting child pornography that could be downloaded by site users. The Website was not intended to be used to upload pornography of adults, as evidenced on the upload page on The Website which clearly stated: "Do not upload adult porn."

On the video search page of The Website, there was a list of keyword search terms and the number of videos associated with the keyword. When law enforcement accessed the contents of The Website on or about February 8, 2018, it was determined that some of the top keyword search terms included "PTHC" (over 10,000 videos), "PEDO" (over 7,000 videos), "2yo%" (over 4,000 videos) and "4yo%" (over 4,000 videos).[2]

On or about February 8, 2018, The Website indicated on its download page details that its users had downloaded video files from The Website more than a million times. On or about March 5, 2018, The Website server had over 200,000 unique video files, which totaled approximately eight terabytes of data.

Any user could create a free account on The Website by creating a username and password. Only after the user registered an account could the user browse previews of videos available for download and post text to The Website. To download videos from the site, users used "points," which were allocated to users by The Website. A registered user could earn points from The Website in several ways: (1) uploading videos depicting child pornography; (2) referring new users to The Website; (3) paying for a "VIP" account, which lasted for six months, entitled a user to unlimited downloads, and was priced at 0.03 BTC (approximately $327.60 as of March 1, 2018);

---

[2] I am aware from my training and experience that "PTHC" stands for "preteen hardcore," PEDO is a reference to "pedophile," and the references to "2yo" and "4yo" represent ages of children.

or (4) paying for points incrementally (*i.e.*, .02 BTC for 230 points).[3]  Points were not transferable to any other website or application. Once a customer sent BTC to The Website, the BTC could not be refunded or redirected. The points obtained by the payment of BTC could only be used for downloading videos.

Certain persons joined the conspiracy to distribute child pornography by uploading videos to The Website. Those co-conspirators who uploaded videos of child pornography to The Website for "points" also earned additional "points" each time a customer of the site downloaded that particular video from The Website.  Thus, the co-conspirators had a shared goal as part of the conspiracy – increasing the number of unique videos on The Website to drive additional traffic to it, which in turn led to greater downloads and more points for the co-conspirators.  When uploading videos, the co-conspirators would use explicit file names highlighting the content as showing the sexual exploitation of minors and would add tags that customers could search for, such as PTHC, 2yo, etc.  In order to prevent duplicate videos from being uploaded, The Website operated a digital hash-value check of videos the co-conspirators uploaded in order to compare the video to other videos previously uploaded to the site.  The Website did not allow a co-conspirator to upload a video whose hash value matched something previously uploaded to the site.

During the course of the investigation, law enforcement agents in Washington, D.C. accessed The Website on multiple occasions, including on or about September 28, 2017, February 8, 2018, and February 22, 2018, observed its functionality by browsing the listings on The Website, and conducted undercover purchases by downloading child pornography video files from The Website.  These downloaded child pornography video files included pre-pubescent children, infants, and toddlers engaged in sexually explicit conduct.  Each video available for download from The Website had a title, a description (if added by the co-conspirator), "tags" with further descriptions of the video enabling a user to more easily locate a particular category of video using The Website's search function, and a preview thumbnail image that contained approximately sixteen unique still images from the video.

### INVESTIGATION OF THE ADMINISTRATOR OF THE WEBSITE

On or about September 1, 2017, law enforcement reviewed the source code of The Website's homepage, which could be viewed by right-clicking on The Website in the Tor browser and selecting "View Page Source."  In reviewing the source code, law enforcement discovered that The Website had failed to conceal an IP address, likely due to user error on the part of the administrator.  This IP address resolved to a telecommunications provider in South Korea.  Subsequent investigation confirmed that this IP address was registered in the name of Jong Woo Son and was serviced at his residence in South Korea.

---

[3] Bitcoin is volatile and the price of bitcoin can fluctuate on an hourly basis.  Between January 2017 and February 2018, for example, 1 bitcoin fluctuated in price from approximately $1,000 to $20,000 USD.

4

On February 28, 2018, a federal magistrate judge in the United States District Court for the District of Columbia issued an arrest warrant for Jong Woo Son. *See* 1:18-mj-00019 (GMH) (Sealed). On or about March 5, 2018, South Korean law enforcement executed a search warrant at the residence of Jong Woo Son in South Korea. Pursuant to the search, South Korean law enforcement seized The Website's server and associated electronic storage media from the bedroom of Jong Woo Son – The Website's administrator. South Korean law enforcement then provided to U.S. law enforcement a forensic image of the server. U.S. law enforcement subsequently obtained a federal search warrant to review this forensic image. *See* 1:18-sw-00052 (RMM) (Sealed).

A review of the imaged data confirmed that The Website was hosted on the seized server. A review of a sample of the video files further corroborated that The Website was dedicated to the distribution of child pornography. The customer data generally identified which user was associated with which BTC payment to The Website. A review of a sample of the payments to The Website cross-referenced against the username and download data from the server revealed that each payment to The Website corresponded with the user downloading at least one video from The Website. A review of the forensic image of the server further revealed that certain customers that paid BTC into The Website were also co-conspirators who uploaded content to the site.

On August 8, 2018, a federal grand jury in the District of Columbia indicted Jong Woo Son on various counts, including Conspiracy to Distribute Child Pornography, in violation of 18 U.S.C. Sections 2252(a)(2) and (b)(1). *See* 1:18-mj-00243 (DAF) (Sealed).

## IDENTIFICATION OF CO-CONSPIRATOR EZEAGBOR (a/k/a MIKEXP1)

As part of the investigation, law enforcement reviewed the forensic image of the server to obtain leads on the customers of The Website. After law enforcement identified a unique BTC address that sent BTC to the site, law enforcement would send subpoenas to the virtual-currency exchanges that transacted with those addresses to identify who the person was behind the transaction. Law enforcement has arrested many of the subsequently identified customers.

A review of the forensic image of the server revealed a transfer of approximately 0.1 BTC (worth about $38.00) on January 29, 2016 from a BTC address to The Website's BTC address starting in 1BwB.[4] Subpoena returns from a virtual-currency exchange in the United States ("BTC Exchange") revealed that the source of this BTC transfer was from BTC Exchange Account number starting with 528a ("Subject BTC Exchange Account").

Law enforcement's review of the forensic image of the server revealed that The Website created the BTC address starting with 1BwB for a user account in the name of mikexp1 (as noted, each user account on The Website received a unique BTC address to receive payments from that

---

[4] BTC addresses are identified by their first four characters, much like bank account are often identified by their last four numbers.

person). A review of co-conspirator mikexp1's account revealed that between approximately January 28, 2016 and February 19, 2016, co-conspirator mikexp1 downloaded approximately 42 videos from The Website with video file names and descriptions indicative of child pornography. Additionally, from approximately November 25, 2015 to January 25, 2016, co-conspirator mikexp1 uploaded approximately 10 videos to The Website.

Your affiant reviewed co-conspirator mikexp1's uploads to The Website and confirmed the videos depicted child pornography. For example, video file scara2_00151.avi with file description "Girl" was uploaded to The Website by co-conspirator mikexp1 on January 25, 2016. The video is five minutes and thirty seconds and depicts a nude female child, approximately seven to ten years old. The child is posing in front of a web camera and switches between several sexually suggestive poses, including posing on her hands and knees while she positions her buttocks towards the camera and uses her hands to spread apart her buttocks to expose her genitalia. During the video, the child also sits in a chair facing the camera and spreads her legs to provide a close up view of her pubic area as she uses her fingers to expose her genitalia. Customers of The Website downloaded this video approximately four times.

Another video uploaded to The Website by co-conspirator mikexp1 was entitled scara2_00172.avi with file description "Girl" on January 25, 2016. The video is almost fourteen minutes long. The video starts with a message which reads, "13 red my cap so hot" and contains a collage of photographs depicting a clothed female child, approximately ten to thirteen years old, sitting in front of a web camera. The child initially exposes her right breast to the camera and then removes her pants. The child appears to move the camera to face her pubic area and uses her fingers to masturbate her genitalia. Towards the end of the video, the child continues to masturbate herself by using her fingers and also inserts a crayon into her vagina. Users of The Website downloaded this video approximately three times.

Subpoena returns from the BTC Exchange revealed that the Subject BTC Exchange Account (which sent BTC to The Website) was created on or about November 18, 2013 with the following know-your-customer data:

- registered in the name of MICHAEL EZEAGBOR ("EZEAGBOR");
- with a date of birth of September 13, 1996;
- an address of 3444 Winding Shore Lane, Pflugerville, Texas 78660;
- using a Social Security number ending in 9979;
- a phone number of 512-822-3381; and
- an email address of michaelezeagbor@yahoo.com.

As part of the BTC Exchange's legally required customer due diligence rules, the BTC Exchange confirmed this email address and phone number by sending messages to which the user had to reply.

Subpoena returns from Yahoo revealed that the email address of michaelezeagbor@yahoo.com was created on February 3, 2008 and also is registered to "Mr.

Michael Ezeagbor" with the same telephone number that EZEAGBOR provided when he created the Subject BTC Exchange Account. The Yahoo account also provided a postal code of 78660, which is the same postal code provided by EZEAGBOR when he created the Subject BTC Exchange Account on January 29, 2016.

The Subject BTC Exchange Account was funded by an A+ Federal Credit Union ("A+FCU") checking account ending in 7569 and a A+FCU debit card ending in 2098. Subpoena returns revealed that both of these payment methods were listed in EZEAGBOR's name. The subpoena returns further revealed that EZEAGBOR opened the account ending in 7569 in 2012. EZEAGBOR provided the same date of birth, social security number, home address, and email address when he opened this A+FCU bank account that he had provided to the BTC Exchange when he opened the Subject BTC Exchange Account. Additionally, subsequent law enforcement investigation identified counter security footage from A+FCU on December 4, 2017, which shows an individual resembling EZEAGBOR's driver's license photo accessing his account.

## CONCLUSION

Numerous co-conspirators, to include co-conspirator EZEAGBOR, conspired with the administrator of The Website, co-conspirator Jong Woo Son, to upload child pornography videos files to The Website for dissemination to The Website's vast customer base. The co-conspirators entered into this agreement to benefit:

a.     co-conspirator Jong Woo Son, who obtained illicit income as co-conspirators uploaded more video files to The Website, which customers then paid to access; and

b.     co-conspirator EZEAGBOR, who derived points from uploading videos and further points from the uploads when users of The Website downloaded his videos, which points could then be redeemed to download new video files from The Website.

7

Accordingly, based on the above facts, your affiant submits that there is probable cause to believe that between at least on or about November 25, 2015 and on or about January 25, 2016, EZEAGBOR committed the offense of Conspiracy to Distribute Child Pornography, in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

*Lindsay Suttenberg for:*

SA Darrell Franklin
HSI

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 based on information communicated by telephone on this 7th day of January, 2019

Honorable Judge Deborah A. Robinson
United States Magistrate Judge

8

SEALED

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America<br>v.<br><br>MICHAEL EZEAGBOR<br><br><br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) |

Case: 1:19-mj-00004
Assigned To : Magistrate Judge Deborah A. Robinson
Assign. Date : 01/07/2019
Description: Criminal Complaint/Arrest Warrant

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*      MICHAEL EZEAGBOR                                                               ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment          ☐ Superseding Indictment          ☐ Information          ☐ Superseding Information          ☑ Complaint
☐ Probation Violation Petition          ☐ Supervised Release Violation Petition          ☐ Violation Notice          ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy to Distribute Child Pornography, in violation of 18 U.S.C. Sections 2252(a)(2) and (b)(1)

Date:      01/07/2019

_____
*Issuing officer's signature*

City and state:      Washington, D.C.

Deborah A. Robinson, United States Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____<br>at *(city and state)* _____ . |

Date:      INVESTIGATE COPY ONLY
ORIGINAL ON FILE WITH
US MARSHAL RM 2nd flr

_____
*Arresting officer's signature*

_____
*Printed name and title*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff. | § |
| | § |
| v. | § CRIMINAL NO. **A-19-M-010** |
| | § |
| MICHAEL EZEAGBOR, | § *[USDC/District of Columbia Cause No.* |
| | § *1:19-MJ-00004]* |
| Defendant. | § |
| | § |

## MOTION FOR DETENTION

Under Title 18, United States Code, Section 3141, <u>et seq.</u>, the United States moves for pretrial

detention and would respectfully show the Court the following:

**1.     The pending case involves:**

[X]    (A)    A crime of violence

[ ]    (B)    An offense for which the maximum sentence is life imprisonment or death.

[ ]    (C)    An offense for which a maximum term of imprisonment of 10 years or more is prescribed
in the Controlled Substances Act, the Controlled  Substances Import and Export Act, or the
Maritime Drug Law Enforcement Act.

[ ]    (D)    A felony committed after the Defendant had been convicted of 2 or more prior offenses
described in 18 U.S.C. §§ 3142(f)(1)(A)-(C) or comparable state or local offense.

[ ]    (E)    A felony (not a crime of violence) that involves:  a minor victim; possession or use of a
firearm, destructive device, or dangerous weapon; or failure to register (18 U.S.C. § 2250).

[X]    (F)    A serious risk that the Defendant will flee.

[X]    (G)    A serious risk that the Defendant will obstruct or attempt to obstruct justice, or attempt to
threaten, injure or intimidate a prospective witness or juror.

**2.     A <u>rebuttable presumption</u> arises that no condition or combination of conditions will
reasonably assure the appearance of the Defendant as required AND the safety of any other
person and the community, because there is probable cause to believe that:**

[ ]    (A)    The Defendant committed an offense for which a maximum term of imprisonment of 10
years or more is prescribed in the Controlled Substances Act, the Controlled  Substances
Import and Export Act or the Maritime Drug Law Enforcement Act.

[ ] (B) The Defendant committed an offense under 18 U.S.C. § 924(c), 956(a), or 2332b.

[X] (C) The Defendant committed an offense involving a minor victim under 18 U.S.C. § 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**3.      No condition or combination of conditions will:**

[X] (A) Reasonably assure the appearance of the Defendant as required.

[X] (B) Reasonably assure the safety of the community or any other person.

**4.      So that the United States can prepare for said hearing, the United States moves that the detention hearing be continued for**

[X] Up to three (3) days, pursuant to 18 U.S.C. § 3142(f).

[ ] Up to ten (10) days, pursuant to 18 U.S.C. § 3142(d), because the Defendant may flee or pose a danger to another person or the community and:

[ ] (A) The Defendant committed the charged offense while released pending trial or sentence, or while on probation or parole.

[ ] (B) The Defendant is not a citizen of the United States or lawfully admitted for permanent residence.

The United States may offer additional reasons for detention other than those indicated above as

the investigation proceeds and new information becomes available.

WHEREFORE, PREMISES CONSIDERED, the Government requests that the Defendant be held

without bond.

Respectfully submitted,

JOHN F. BASH
United States Attorney

/s/ *Matthew Devlin*

By:      _____

MATTHEW DEVLIN
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

United States of America

v.

Criminal No.: **AU:19-M -00010(1)**

(1) Michael Ezeagbor

*Defendant*

Date Appeared: January 09, 2019
Time:             -0- time entered in 1:08-CR-36-LY

# INITIAL APPEARANCE - District of Columbia

1.  Complaint Filed       <u>January 7, 2019</u>    Warrant Issued:     <u>January 7, 2019</u>
                                          *Date*                                               *Date*

    Arrested               <u>January 9, 2019</u>    Agency:                 <u>HSI</u>
                                          *Date*                                               *Agency*

2.  COURT PERSONNEL:

    | | |
    |---|---|
    | U.S. Magistrate Judge: | ANDREW W. AUSTIN |
    | Courtroom Deputy: | James Ferrell |
    | Pretrial Officer: | N/A |
    | Interpreter: | N/A |

3.  APPEARANCES:

    | | |
    |---|---|
    | AUSA: | N/A |
    | DEFT: | N/A |

4.  PROCEEDINGS:

    | | | | | | |
    |---|---|---|---|---|---|
    | a. | Age | 22 | Education    some college | Gender | Male |
    | b. | Defendant understands proceedings and is mentally competent. | | | | Y |
    | c. | Defendant is informed of constitutional rights. | | | | Y |
    | d. | Defendant understands charges. | | | | Y |
    | e. | If charged on complaint, Defendant informed of right to Preliminary Hearing. | | | | Y |
    | f. | Defendant informed of right to legal counsel. | | | | Y |

             _____ 1)    Defendant waives counsel.

             _____ 2)    Defendant states he/she will retain counsel.

             _____ 3)    Defendant states he/she has retained: _____

                                  Phone No.: _____

         X    4)    Defendant requests appointment of counsel.

                          _____   Defendant HAS NOT completed the CJA23 financial affidavit.

                                   _____   Court will appoint counsel in the interest of justice based on deft's verbal accounting of his current financial status.

                             X    Defendant HAS completed the CJA23 financial affidavit and the Court will appoint counsel because:

                                   X     The defendant is indigent at this time.

                                   _____   Even though the defendant is not indigent, counsel will be appointed in the interests of justice.

                          _____   The Court finds that the defendant is NOT eligible and denies request.

g.   PRE-TRIAL RELEASE:
   <u>X</u>   1)   The Government makes ☐ oral   or   ☒ written motion for detention under 18 USC 3142.
            Court sets detention  hearing for            Monday, Jan. 14 at 10:30am before Judge Austin
   _____ 2)   The Court sua sponte moves for detention.  The detention hearing is set for
                                                                                          at _____
   _____ 3)   The Defendant ☐ is released ☐ will be released on the following conditions:
            Bond is set at $ _____

            *(Check the following that apply:)*

            _____ unsecured                    _____ unsecured with 10% posted to the registry
            _____ cash or corporate            _____ additional sureties
            _____ 3rd party custodian          _____

h.   Temporary Detention issued    January 9, 2019    Preliminary Hearing set for _____

i.   REMOVAL PROCEEDINGS:
   The Defendant is advised of Rule 20 and Rule 5 rights and ....
   _____ 1)   The Defendant waives Rule 5(c)(3)(D)(ii) and is detained pending removal to the
            _____ . Detention hearing is to be held in that district.
   _____ 2)   The Defendant waives Rule 5 and is released on bond.  The Defendant is ordered to appear in the
            _____ ☐ on _____
            or ☐ when notified by the prosecuting district.
   _____ 3)   The Defendant is ☐ detained ☐ released on bond and requests Rule 5(c)(3) hearing.  The
            Court sets hearing for _____

j.   Other: _____

| | |
|---|---|
| **United States of America** § | |
| § | |
| **v.** § | **Case Number:  AU:19-M -00010(1)** |
| § | |
| **(1) Michael Ezeagbor** § | |

## ORDER APPOINTING FEDERAL PUBLIC DEFENDER

      The above-named defendant having satisfied this court after appropriate inquiry that

he (1) does not wish to waive representation by counsel, and (2) is financially unable to

obtain counsel, therefore, the Federal Public Defender is hereby APPOINTED to represent the

defendant in the above styled and numbered cause.

      Should this case proceed in the future before a United States District Judge, the

appointment shall remain in effect until terminated, or a substituted attorney is appointed.


      SIGNED this 9th day of January, 2019.

                         _____

                  **ANDREW W. AUSTIN**
                  **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

United States of America

v.                                    Case Number: AU:19-M -00010(1)

(1) Michael Ezeagbor
   *Defendant*

# ORDER

  The above named defendant appeared in Court this day and requested the Court to appoint counsel. The Court has reviewed the defendant's CJA 23 financial affidavit and has determined that the indigency of the defendant is in question. However, in the interests of justice, the Court has decided to appoint an attorney for the defendant and has advised the defendant that he may be required to reimburse the Government for the costs of appointed counsel upon completion of the case.

  THEREFORE, IT IS ORDERED that upon any finding of guilt in regards to these current charges, the U.S. Probation Office is instructed to make financial inquiries of the defendant to determine if he/she can repay the costs of court-appointed counsel. The U.S. Probation Office shall report its findings to the judicial officer assigned to the case prior to any sentencing.

  Signed this 9th day of January, 2019.


_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

United States of America

                              Case Number:  AU:19-M -00010(1)

v.

(1) Michael Ezeagbor
  *Defendant*

# ORDER SCHEDULING A DETENTION HEARING

A $\boxed{X}$ detention hearing  and a $\boxed{\text{na}}$ preliminary hearing  in this case is scheduled as follows:

| | |
|---|---|
| Place:                 501 West 5th Street, Austin, Texas, 78701 | Courtroom No.: 3, 4 Floor |
| Presiding Judge:   Magistrate Judge Andrew W. Austin | Date and Time:  January 14, 2019, at 10:30 AM |

**IT IS ORDERED:**  Pending the hearing, the defendant is to be detained in the custody of the United States Marshal or any other authorized officer.  The custodian must bring the defendant to the hearing at the time, date, and place set forth above.

If defendant chooses to waive hearing, a written waiver (see attached) must be signed by defendant and his/her counsel and filed by 4:00 p.m. the day before scheduled hearing.

January 09, 2019
          *Date*

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

United States of America

v.                                          Case Number:  AU:19-M -00010(1)

(1) Michael Ezeagbor
    *Defendant*

## DEFENDANT'S RESPONSE TO NOTICE OF DETENTION HEARING

     Defendant, (1) Michael Ezeagbor, files this response to the Notice of Detention Hearing which was issued by the Court.  After further investigation, Defendant wishes at this time to waive his right to the detention hearing, subject to his/her right to bring a motion concerning detention at a later date.


_____                    Respectfully submitted,

*Defendant*


_____                    _____
*Date*                                                                         *Attorney for Defendant*


## CERTIFICATE OF SERVICE


     This is to certify that a true and correct copy of the foregoing document was hand delivered to the Assistant United States Attorney on the _____ day of _____, 20 ____ .


                              _____

                              *Attorney for Defendant*

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

United States of America

v.                                                      Case Number:  AU:19-M -00010(1)

(1) Michael Ezeagbor
   *Defendant*

Dear Sir or Madam:

TAKE NOTICE that the above-entitled case has been set before:

**UNITED STATES MAGISTRATE JUDGE ANDREW W. AUSTIN**,

at the **U.S. Courthouse, 501 West Fifth Street Austin, Texas Courtroom #3**, for the following:

**IDENTITY / DETENTION HEARING**

on **Monday, January 14, 2019** at **10:30 AM**

EVERYONE to whom this notice is addressed (except those to whom copies are sent for information only) must appear IN PERSON unless excused from appearing by the Court.

ATTORNEYS are reminded that it is their duty to advise clients, witnesses, and others concerning rules of decorum to be observed in Court.  (Local Court Rule AT-5(b)(12)).

WHENEVER defendants or witnesses in a criminal case have need for the services of a court interpreter, the attorney must inform the Clerk not later than five (5) business days before the scheduled Court proceeding.

If defendant chooses to waive hearing, a written waiver (see attached) must be signed by defendant and his/her counsel and filed by 4:00 p.m. the day before scheduled hearing.

Date Issued:  January 09, 2019
(1) Michael Ezeagbor

                                                    /s/
                                                    James Ferrell
                                                    Magistrate Courtroom Deputy
Attorney at Law                                     (512) 916-5896  Ext. 8720


cc:       U.S. Probation
          U.S. Pretrial Services
          U.S. Clerk
          U.S. Attorney

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

United States of America

v.

(1) Michael Ezeagbor

Case Number:   AU:19-M -00010(1)

Charging District's Case No.: 1:19-MJ-4

**Waiver of Rule 5 & 5.1 Hearing**
(Complaint)

I understand that I have been charged in another district,  the District of Columbia.

I have been informed of the charges and of my rights to:

(1)  retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)  an identity hearing to determine whether I am the person named in the charges;

(3)  production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)  a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)  a hearing on any motion by the government for detention;

(6)  request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

(   )  an identity hearing and production of the warrant.

(   )  a preliminary hearing.

(   )   a detention hearing.

(   )  an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that any preliminary or detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

_____

(1) Michael Ezeagbor, *Defendant*

_____    _____

*Date*

*Counsel for Defendant*

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA §
§
V. §            CAUSE NO. AU:19-M-010(1)
§
MICHAEL EZEAGBOR §

## NOTICE OF ATTORNEY APPEARANCE

TO THE HONORABLE JUDGE OF SAID COURT:

      NOW COMES, David M.C. Peterson, Assistant Federal Public Defender and enters appearance as counsel for the defendant in the above-styled and numbered cause.

                        Respectfully submitted.

                        MAUREEN SCOTT FRANCO
                        Federal Public Defender

                        /S/ DAVID M.C. PETERSON
                        Assistant Federal Public Defender
                        Western District of Texas
                        Lavaca Plaza
                        504 Lavaca St., Ste. 960
                        Austin, Texas 78701
                        (512) 916-5025 / (512) 916-5035 (FAX)
                        Bar Number: California 254498

## CERTIFICATE OF SERVICE

      I hereby certify that on the 10th day of January, 2019, I filed the foregoing Notice of Attorney Appearance using the CM/ECF system which will give electronic notification to the following:

Matthew B. Devlin
Assistant U.S. Attorney
816 Congress Ave., Ste. 1000
Austin, TX 78701

                       _____
                         /s/ DAVID M.C. PETERSON

# IDENTITY / DETENTION HEARING

| | |
|---|---|
| CASE NO. AU:19-M -00010(1) | LOCATION: AUSTIN, TEXAS |
| DEFENDANT: (1) Michael Ezeagbor | ATTORNEY: David M.C. Peterson |
| MAGISTRATE JUDGE: ANDREW W. AUSTIN | AUSA: Matthew B. Devlin |
| CRD: James Ferrell | INTERPRETER: N/A |
| COURT REPORTER: FTR Gold - ERO | PRETRIAL OFFICER: Albert Sierra |
| CSO: Gregory Smith | TIME: 10:32 - 10:46 AM (14 minutes) |
| HEARING DATE: January 14, 2019 | non-evidentiary |

# PROCEEDINGS

- [X] IDENTITY HEARING WAIVED
- [X] PRELIMINARY HEARING WAIVED
- [ ] DEFENDANT SWORN
- [ ] COURT READ CHARGES TO DEFENDANT; DEFENDANT PLEADS NOT GUILTY
- [ ] COURT FINDS PROBABLE CAUSE EXIST TO PRESENT CASE TO GRAND JURY FOR INDICTMENT
- [X] DETENTION HEARING HELD
- [ ] WITNESS SWORN AND TESTIFIED
- [ ] EXHIBITS OFFERED AND ADMITTED
- [X] ARGUMENT OF COUNSEL HEARD
- [X] MOTION TO DETAIN DENIED
- [X] COURT FINDS THERE ARE CONDITIONS TO BE SET
- [X] CONDITIONS REVIEWED WITH DEFT WHO ACKNOWLEDGED UNDERSTANDING & SIGNED SAME
- [X] HEARING CONCLUDED
- [X] WRITTEN ORDER TO FOLLOW

OTHER: Defendant to be brought all the way tomorrow for Pretrial and then released from custody.

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

United States of America

v.

Case Number:  AU:19-M -00010(1)

(1) Michael Ezeagbor

Charging District's Case No.: 1:19-MJ-4

### Waiver of Rule 5 & 5.1 Hearing
(Complaint)

I understand that I have been charged in another district, the District of Columbia.

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

(☒) an identity hearing and production of the warrant.

(☒) a preliminary hearing.

(  ) a detention hearing.

(  ) an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that any preliminary or detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

_____
(1) Michael Ezeagbor, *Defendant*

1·14·19
_____
*Date*

_____
*Counsel for Defendant*

27

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

**FILED**

JAN 1 5 2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No.    A:19-00010M-1 |
| Michael Ezeagbor | ) |
| *Defendant* | ) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at:      **U.S. COURTHOUSE, District of Columbia**

*Place*

on      **When notified**

*Date and Time*

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

28

# ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( X )  (6)  The defendant is placed in the custody of:
Person or organization   **Ms. Phyllis Dabbs (mother)**
Address *(only if above is an organization)*   **3444 Winding Shore Lane**
City and state   **Pflugerville, Texas 78660**                    Tel. No. **512-576-8582**
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____   **1-14-19**
                        *Custodian*                          *Date*

( X )  (7)  The defendant must:

( X )  (a)  submit to supervision by and report for supervision to the   **U.S. PRETRIAL SERVICES OFFICE**   ,
telephone number   **512-916-5297**   , no later than _____ .

(    )  (b)  continue or actively seek employment.

( X )  (c)  continue or start an education program.

( X )  (d)  surrender any passport to:   **PRETRIAL SERVICES**

( X )  (e)  not obtain a passport or other international travel document.

( X )  (f)  abide by the following restrictions on personal association, residence, or travel:   **NO TRAVEL OUTSIDE TRAVIS COUNTY AND FIVE SURROUNDING COUNTIES WITHOUT PERMISSION FROM PRETRIAL SERVICES. TRAVEL TO THE DISTRICT OF COLUMBIA APPROVED FOR COURT AND ATTORNEY PURPOSES ONLY.**

( X )  (g)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:   **NO CONTACT WITH MINOR CHILDREN.**

( X )  (h)  get medical or psychiatric treatment:   **AS DIRECTED BY PRETRIAL SERVICES.**

(    )  (i)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____

(    )  (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

( X )  (k)  not possess a firearm, destructive device, or other weapon.

( X )  (l)  not use alcohol (    ) at all ( X ) excessively.

( X )  (m)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( X )  (n)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

( X )  (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

( X )  (p)  participate in one of the following location restriction programs and comply with its requirements as directed.
(    ) (i)  **Curfew.** You are restricted to your residence every day (    ) from _____ to _____ , or (    ) as directed by the pretrial services office or supervising officer; or
( X ) (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
(    ) (iii)  **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.

( X )  (q)  submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.
( X ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.

( X )  (r)  report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( X )  (s)  **ABIDE BY ADDITIONAL CONDITIONS OF RELEASE ON PAGE 4**

# ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

_____
*City and State*

## Directions to the United States Marshal

( **X** ) The defendant is ORDERED released after processing.

(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____January 14, 2019_____

_____
*Judicial Officer's Signature*

_____
**Honorable Andrew W. Austin, U.S. Magistrate Judge**
*Printed name and title*

DISTRIBUTION:  COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

30

**Defendant:** **EZEAGBOR, Michael**
**A:19-MJ-00010 AWA**

(8) (y)  The Defendant must also participate in the computer restriction/monitoring program administered by the United States Pretrial Services Office. The Defendant must abide by all rules and requirements of the program which will include:

    (a)    [ X ] Will be allowed to use Austin Community College computers for school purposes only.

    (b)    [ X ] Will have access to the Internet (World Wide Web, FTP Sites, IRC Servers, Instant Messaging) at Austin Community College for school purposes only.

    (c)    [ X ] Will require the installation of monitoring software by the supervising officer on any Court authorized computer utilized for private use.

    (d)    [ X ] Will require that you submit to the search of your vehicle, residence (to include, buildings or structures attached to or located at the residence address) and/or computer by the supervising officer or designated U.S. Pretrial Services personnel immediately upon request. Pretrial Services may employ the use of other technology to include Wi-Fi detectors.

(9)  The Defendant must abide by the following additional conditions:

    (a)    Shall not obtain, view, or possess any sexually explicit, sexually graphic, or erotic materials including images, movies, and printed materials in any form.

    (b)    Shall have no contact, either telephonically, verbally, or through written material, or through third party with the victim or any of the victims' immediate family members.

    (c)    Shall have no contact with minor children under the age of eighteen and not reside in a household where the victim(s) or minor children reside.

    (d)    Shall not visit any areas within 100 yards of any school, day care center, park, or other place where children congregate.

    (e)    May not obtain employment or participate in any volunteer activity during which there is unsupervised contact with minors under the age of eighteen.

    (f)    Shall only reside in a residence approved, in advance, by the U.S. Pretrial Services Officer. Any changes in the residence must be pre-approved by U.S. Pretrial Services.

    (g)    Shall comply with Sex Offender Registration and Notification Act (SORNA) and state and local sex offender registration requirement.

    (h)    Shall attend and participate in specialized mental health treatment for defendants charged with or convicted of a sex offense as approved and directed by the U.S. Pretrial Officer.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

JAN 1 5 2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| vs. | § | Case No:  AU:19-M -00010(1) |
| | § | |
| (1) Michael Ezeagbor | § | Charging District:  District of Columbia |
| | § | Charging District's Case No.:  1:19-MJ-4 |

# ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges.  If the time to appear in that court has not yet been set, the defendant must appear when notified to do so.  Otherwise, the time and place to appear in that court are:

| Place: | U.S. District Court for the District of Columbia 333 Constitution Avenue N.W. Washington, D.C. 20001 | Courtroom No. 4 Date and Time: Tuesday, Jan. 29 at 1:30pm before Magistrate Judge Deborah A. Robinson |
|---|---|---|

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date: January 14, 2019

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE